IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

BOBBY STEWART                                                                                    PLAINTIFF

V.                                                                    CIVIL ACTION NO. 1:17-CV-122-SA-DAS

GREEN TREE SERVICING, LLC                                                                 DEFENDANT

MEMORANDUM OPINION

Bobby Stewart filed his Complaint [2] in the Circuit Court of Lowndes County, Mississippi on June 30, 2017. In his Complaint, Stewart alleges that Green Tree Servicing, LLC refused to modify or restructure his home loan, and engaged in various unfair business practices. Stewart alleges that Green Tree's unfair and deceptive practices caused him to fall behind on his payments, deprived him of money and collateral, and forced him to file for bankruptcy in September of 2012. After removing the case to this Court, Green Tree filed a Motion to Dismiss [4] all of Stewart's claims. *See* Notice of Removal [1]. Green Tree argues that Stewart's Complaint fails to state a claim upon which relief can be granted, and that his claims were filed outside the applicable statute of limitations. Stewart filed a Response [6], and Green Tree filed a Reply [8], making these issues ripe for review.

*Statute of Limitations*

In support of dismissal, Green Tree asserts, and Stewart does not dispute, that Mississippi's general three-year statute of limitations applies in this case. The Court agrees. *See* MISS. CODE. ANN. § 15-1-49; *Rawls v. Friedman's Inc.*, No. 4:02-CV-510, 2003 WL 21728838, at *2 n.3 (S.D. Miss. June 27, 2003); *see also CitiFinancial Mortg. Co. v. Washington*, 967 So. 2d 16, 19 (Miss.

2007).[1] Stewart acknowledges that nearly five years passed between the time he filed for bankruptcy and the filing of this case. Stewart argues however, that the court should equitably toll the statute of limitations.

Stewart asserts that he did not become aware of his claim until an order was entered against Green Tree in a separate Minnesota District Court enforcement action brought by the Federal Trade Commission and Consumer Financial Protection Bureau on April 23, 2015. Stewart attached this order to his complaint, which reflects an agreed judgment imposing various monetary and injunctive conditions against Green Tree. Stewart avers that when he learned of the order entered in the Minnesota case, he became aware that Green Tree was involved in a pattern of deceptive business practices, and presumably, that he had a claim with a similar basis.

Mississippi's "discovery rule" tolls the statute of limitations in certain circumstances of "latent injury" until "the plaintiff has discovered, or by reasonable diligence should have discovered, the injury." MISS. CODE. ANN. § 15-1-49 (2). In Stewart's case, it is clear on the face of his complaint that his injury is falling behind on payments, losing money and collateral, and filing for bankruptcy.

Stewart does not cite any authority to support his argument that a statute of limitations is equitably tolled until a plaintiff learns of a successful prosecution in an unrelated case. Nor does Stewart point to any facts, or make any alternative argument, that demonstrate he was not aware of his injuries when he filed for bankruptcy in 2012.

When applying the discovery rule, "[t]he focus is upon the time that [Stewart] discovers, *or should have discovered by the exercise of reasonable diligence,* that [he] *probably* has an actionable injury." *First Tr. Nat. Ass'n v. First Nat. Bank of Commerce*, 220 F.3d 331, 336–37

---

[1] The Parties disagree as to whether Stewart's claims fall under the Mississippi Consumer Protection Act. Because the Parties do not dispute the applicable statute of limitations, the Court need not reach this question.

2

(5th Cir. 2000) (citing *Smith v. Sanders*, 485 So. 2d 1051, 1052 (Miss. 1986) (emphases added); *see also In re Catfish Antitrust Litig.*, 826 F. Supp. 1019, 1031 (N.D. Miss. 1993)). "The would-be plaintiff need not have become absolutely certain that he had a cause of action; he need merely be on notice – or *should* be – that he should carefully investigate the materials that suggest that a cause probably or potentially exists. *Id.*; *see also Robinson v. Singing River Hosp. Sys.*, 732 So. 2d 204, 208 (Miss. 1999); *Womble v. Singing River Hosp.*, 618 So. 2d 1252, 1266 (Miss. 1993); *cf. Chamberlin v. City of Hernando*, 716 So. 2d 596, 601 (Miss. 1998).

This is precisely the situation presented in the instant case. Stewart knew that he *probably* had an actionable injury years before filing this suit, and he has presented no argument or evidence to the contrary. In short, Stewart has not presented any competent evidence or argument that supports tolling of the statute of limitations.

Because Stewart's claims are clearly time-barred on the face of his complaint, Green Tree's Motion to Dismiss [4] is GRANTED, and all of Stewart's claims are DISMISSED with prejudice.

This CASE is CLOSED.

So ORDERED on this the 9th day of March, 2018.

    /s/ Sharion Aycock
    UNITED STATES DISTRICT COURT JUDGE